**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JOHNNY L. MIXON, III,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-199-R |
| | ) |
| **COWBOYS OKC, INC., d/b/a** | ) |
| **"CLUB RODEO," an Oklahoma** | ) |
| **Corporation, et al.,** | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court is the second amended motion to dismiss the second amended petition filed by Defendant Cowboys OKC, Inc. Doc. No. 29. *See also* Doc. No. 13. Defendant seeks dismissal of Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 on the asserted ground that Defendant is a private corporation and that civil rights claims under Sections 1983 and 1985 can only be brought against governmental entities and/or governmental employees acting under the purview of state law. With respect to Plaintiff's claim under Section 1985, Defendant asserts that subsections (1) and (2) of that section cannot in any way be applicable to this case and that Plaintiff has failed to allege sufficient facts to state a cognizable claim against Defendant Cowboys because she has not alleged a specific agreement between Defendant Cowboys and any other person and an overt act in furtherance of such a pre-existing agreement. Defendant seeks dismissal of the assault and battery claim against it as barred by the one-year statute of limitations, Okla. Stat. tit. 12, §

95(A)(4), and of Plaintiff's "claims" for negligent hiring and supervision by Defendant Cowboys because there are no factual allegations to support them.

Plaintiff in response [Doc. No. 20] argues that Defendant Cowboys may be liable to Plaintiff under Section 1983 under one or more of the four tests for determining whether a private actor acted under color of state law or under the entwinement theory, citing *Toolbox v. Ogden City Corp.*, 316 F.3d 1167 (10th Cir. 2003)(citing *Brentwood Academy v. Tennessee Secondary School Athletic Association*, 531 U.S. 288, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001)) and *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442 (10th Cir. 1985). Plaintiff states that Defendant Cowboys hired University of Oklahoma Health Science Center Policemen as private security guards for its Club Rodeo and allowed them to carry official badges, wear their uniforms and carry their service guns. Those security officers shot the Plaintiff. Plaintiff suggests that by allowing its hired security guards to wear uniforms and badges and carry service weapons and allow them to use deadly force, Defendant meets the nexus test, the joint action test (even while acknowledging that the security guard did not call 911 or request that police handle the situation) because "[t]he State took part in this action by allowing its officers to moonlight as security guards while using State provided uniforms, badges and guns," Response at p. 8; the public function test because "by hiring a private security force and authorizing them to use deadly force," *id.*, Defendant Cowboys stepped into a public function; and the symbiotic relationship test because the actions of Defendant Cowboys, a private actor, and the officers appears intertwined. Finally, Plaintiff argues that he has stated a conspiracy claim under Section 1985(3) because he has alleged that

Defendants Cowboys, the University of Oklahoma and five individuals all played a role in the shooting of Plaintiff.

Defendant in reply states that the individual policeman who were off duty and employed by Defendant were not acting for or on behalf of the University of Oklahoma, *i.e.,* the state or in an "official capacity" for the state entity by whom they were otherwise employed, *citing* Okla. Stat. tit. 21, § 1289.23(G). For this and other reasons, Defendant argues that Plaintiff has not alleged and/or cannot show that Defendant Cowboys acted under color of state law under any test or theory applicable for determining when a private actor acts under color of state law.

Subsection G of Section 1289.23 of Title 21 of the Oklahoma Statutes provides as follows:

> Nothing in this section shall be construed to limit or restrict any peace officer or reserve peace officer from carrying a concealed handgun as allowed by Oklahoma Self-Defense Act after issuance of a valid license. When an off-duty officer elects to carry a concealed handgun under the authority of the Oklahoma Self-Defense Act, the person shall comply with all provisions of such act and *shall not be representing the employing agency*.
>
> Okla. Stat. tit. 21, § 1289.23(G) (emphasis added)

That statute makes it clear that the individual on-duty policemen Defendants herein, who were employed by Defendants University of Oklahoma and University of Oklahoma Police Department, while acting as security guards for Defendant Cowboys were not acting as employees, servants or agents of Defendants University of Oklahoma and/or University of Oklahoma Police Department. In short, they were not state actors. Plaintiff alleges that the

"[t]he defendant University of Oklahoma and University of Oklahoma Police Department had a pattern and practice of permitting hiring of its employees with use of said defendant's uniforms, guns, ammunition and equipment," Second Amended Petition at ¶ IV.  But this allegation is legally insufficient to show any state action by those Defendants in this case because off-duty peace officers are authorized by state law to carry concealed handguns under the authority of the Oklahoma Self-Defense Act, Okla. Stat. tit. 21, § 1289.23(G), and are further authorized by state law to carry their weapons certified and approved by their employing agency when they are off duty, provided they are wearing their prescribed law enforcement uniforms.  *See* Okla. Stat. tit. 21, § 1289.23(A) & (B).

The Court considers whether Defendant Cowboys, a private entity "may fairly be said to be a state actor," *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), in light of the foregoing statute, under Plaintiff's allegations, under any of the four tests and the "entwinement theory" for determining whether a private party engaged in state action and/or may be considered a state actor.

Plaintiff's allegations fail to show there is a "sufficiently close nexus" between the state Defendants (Defendants University of Oklahoma and University of Oklahoma Police Department) and the conduct of Defendant Cowboys and/or the off-duty policemen Cowboys employed as security guards for the conduct of Defendant Cowboys and/or its security guards to be fairly treated as that of the state Defendants.  *See Gallagher v. "Neil Young Freedom Concert,"* 49 F.3d 1442, 1448 (10th Cir. 1995).  This is particularly so in light of Section 1289.23(G), quoted above.  Plaintiff has not alleged any facts showing that the state

Defendants either exercised coercive power over Defendant Cowboys and/or its security guard employees or that the state Defendants provided such significant encouragement to Defendant Cowboys and/or its security guard employees that the decisions or actions of Defendant Cowboys and/or its employees must be or even can be deemed that of the state Defendants. *Id.* Accordingly, Plaintiff fails to state a § 1983 claim against Defendant Cowboys under the "nexus test." *See id.*

Nor has Plaintiff alleged any facts showing that Defendant Cowboys was a "willful participant in joint action with the State or its agents." *Gallagher, supra*, at 1453, *quoting Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). Plaintiff has not alleged any facts showing that Defendant Cowboys and the State Defendants were acting in concert. *See Gallagher, supra*, at 1453. Defendant Cowboys' security guard employees, who were off-duty University of Oklahoma policemen, were not acting as state employees or agents at the time of the shooting under Okla. Stat. tit. 21, § 1289.23(G). Even if the state Defendants (University of Oklahoma and University of Oklahoma Police Department) acquiesced in the hiring of their off-duty police officers by Defendant Cowboys, Second Amended Petition at ¶ IV, that is not sufficient to make the actions of Defendant Cowboys and/or its security guard employees state action. *See id.*, citing *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 164, 98 S.Ct. 1729, 1737-38, 56 L.Ed.2d 185 (1978).

There are absolutely no facts alleged in the Second Amended Petition showing a "symbiotic relationship" between the state Defendants and Defendant Cowboys and/or Defendant Cowboys' security guard employees. The security guard employees were not

5

acting as state employees or agents at the time of the events in question. Okla. Stat. tit. 21, § 1289.23(G). No facts are alleged showing that the state Defendants insinuated themselves into the operation of Defendant Cowboys or that Defendant Cowboys provided any assistance to the state Defendants, much less that Defendant Cowboys did anything that was in any way indispensable to the state Defendants. *See Gallagher, supra* at 1451-53.

Nor has Plaintiff alleged any facts showing or from which it could be inferred that the state Defendants delegated any "'function traditionally exclusively reserved to the state.'" *Gallagher*, 49 F.3d at 1456, quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 95 S.Ct. 449, 454, 42 L.Ed.2d 477 (1974). The off-duty police officers otherwise employed by the state Defendants employed by Defendant Cowboys at the time of the events alleged in the petition were not acting as agents of the state Defendants, *see* Okla. Stat. tit. 21, § 1289.23(G), so the state Defendants cannot be deemed to have delegated any law enforcement authority to Defendant Cowboys' security guards. Nor has Plaintiff alleged any facts that would warrant an inference that the state Defendants or the State of Oklahoma delegated any authority to Defendant Cowboys, much less any function traditionally exclusively reserved to a State. *See Gallagher*, 49 F.3d at 1456-57. Plaintiff states that "[b]y hiring private security force and authorizing them to use deadly force, Cowboys OKC, Inc. has stepped into a public function." Response at p. 8. However, under Oklahoma law, private citizens, including off-duty police officers, are authorized to protect themselves and to use deadly force if reasonably believed necessary to prevent death or great bodily injury to the individual or others or to prevent the commission of a forcible felony. *See* Okla. Stat.

tit. 21, § 1289.25 & 1289.25(D).  In *Gallagher, supra*, the Tenth Circuit concluded that the conducting of pat-down searches by a private security company providing security at a building leased from a government entity "did not constitute a traditionally exclusive state function" and thus that the public function test for state action was not satisfied. *Gallagher*, 49 F.3d at 1457.  In reaching that conclusion, the Tenth Circuit noted that courts which had considered private entities performing analogous security tasks had refused to find a traditionally exclusive public function. *Id.  See United States v. Day*, 591 F.3d 679, 689 (4th Cir. 2010)(armed security guards whose only arrest power conferred by state law was that permitted private citizens were not state actors under public function test); *State v. Santiago*, 147 N.M. 76, 217 P.3d a  89 (N.M. 2009)(where private security guards have not been delegated or granted broad police powers, including the power to arrest, by state law, they are not state actors under the public function test);

  Finally, Plaintiff has alleged no facts showing a pervasive entwinement by the state Defendants or the state in general in the operation or conduct of Defendant Cowboys. *See generally Brentwood Academy v. Tennessee Secondary School Athletic Association*, 531 U.S. 288, 299-303, 121 S.Ct. 924, 148 L.Ed.2d 807, 819-822 (2001).

  In accordance with the foregoing, Plaintiff has failed to state a claim against Defendant Cowboys under 42 U.S.C. § 1983 that is plausible on its face because Plaintiff has failed to allege facts showing that Defendant Cowboys and/or its security guard employees were state actors.

Defendant Cowboys also seeks dismissal of Plaintiff's claim against it under 42 U.S.C. § 1985(3). To state a § 1985(3) conspiracy claim against Defendant Cowboys that is plausible on its face, Plaintiff must allege sufficient facts to show 1) the existence of a conspiracy; 2) to deprive Plaintiff of equal protection or equal privileges and immunities; 3) an act in furtherance of the conspiracy; and 4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Plaintiffs' conclusory references to "conspiracies" in the Second Amended Petition are not supported by any factual allegations and are insufficient. The first element, the existence of a conspiracy, "requires at least a combination of two or mor persons acting in concert and an allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective." *Brooks v. Goensle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010). "[A] plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants" because "conclusory allegations of a 'conspiracy' are insufficient. . . ." *Id.* at 1228 (internal quotations omitted). Plaintiff has not alleged an agreement between Defendant Cowboys and the other Defendants or facts from which an agreement can be inferred. Plaintiff's proposed § 1985(3) claim against Defendant Cowboys must also be dismissed pursuant to Rule 12(b)(6), F.R.Civ.P.

Plaintiff's state law claims against Defendant Cowboys must be dismissed pursuant to Rule 12(b)(6), F.R.Civ.P., as well. Plaintiff states in response to Defendant's second amended motion that he is not pursuing an assault and battery claim against Defendant Cowboys. To the extent Plaintiff is attempting to assert a cause of action against Defendant Cowboys for negligent hiring and/or supervision, Plaintiff has failed to allege sufficient facts

8

to state a claim or claims therefor that are plausible on their face. *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929, 949 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 173 L.Ed.2d 863 (2009).

In accordance with the foregoing, the amended motion of Defendant Cowboys OKC, Inc. to dismiss Plaintiff's Second Amended Petition [Doc. No. 13] is GRANTED.

IT IS SO ORDERED this 1st day of June, 2012.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE